IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD M. GUTIERREZ,**

    Plaintiff,

vs.                                                                  Civ. No. 97-433 SC/LCS

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

### Proposed Findings

This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed July 6, 1998. The Commissioner denied Plaintiff's request for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Act. Plaintiff alleges disability due to a 1980 head injury and a 1984 back injury.

The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the application. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id.*

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id.* at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. At the first four levels of the evaluation, the claimant must show: (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Reg. No. 4, Subpt. P, App. 1: or (4) that he is unable to perform work he has performed in the past. At the fifth step, the burden shifts to the Commissioner to show that a significant number of jobs exist in the national and local economy which the Plaintiff could perform. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. *Id.*

Gutierrez raises two allegations of error with respect to the ALJ's decision: First, he claims that the ALJ applied the wrong legal standard at step two when, instead of ordering a consultative examination, the ALJ concluded that because Gutierrez did not present medical evidence of intellectual deterioration as a result of his 1980 head injury, it was not an additional severe impairment.[1] Second, the ALJ's determination that Guiterrez was not disabled at step five was not supported by substantial evidence because it relied on vocational expert (VE) testimony given in response to a hypothetical question which inaccurately described Guiterrez' physical

---

[1] The ALJ found that Gutierrez' back injury had caused a severe impairment under 20 C.F.R. Sec. 404.

condition.

The legal standard for Gutierrez' first claim is set out in 20 C.F.R. Sec. 404.1521.  That regulation provides, in relevant part:

>    (A) Non-severe impairment(s).  An impairment or combination of impairments  is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
>
>    (B) Basic work activities.  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
>        (3) Understanding, carrying out, and remembering simple
>             instructions;
>        (4) Use of judgment;
>        (5) Responding appropriately to supervision, co-workers and
>             usual work situations; and
>        (6) Dealing with changes in a routine work setting.

Gutierrez testified that he has memory problems, and that he can't understand his daughter's third grade level books, or her math problems.  Tr. At 38. If credited by the ALJ, this testimony would meet the regulatory requirements of a severe impairment under step 2 of the disability analysis.

The ALJ did not credit this testimony because Gutierrez presented no medical evidence, either of diagnosis or treatment, of mental or intellectual impairment. On appeal, Gutierrez claims that the ALJ should have inquired further into his mental difficulties and arranged for a consultative evaluation of his mental condition, because: 1) he was not represented by an attorney at the hearing, and 2) while at the reconsideration level, Mr. Gutierrez was examined by Jan Hamilton, M.D., who stated: "The patient claims to have (sic) a deterioration in intellectual functioning.  A separate assessment would be required to document this as a source of disability." Tr. At 110.  The Commissioner claims in response that Guiterrez was represented by an agency

specializing in Social Security matters, and that a consultative exam is required only if there is a direct conflict in the evidence or if the medical evidence is inconclusive, and neither of those circumstances existed in this case.

How much evidence a claimant must present before the ALJ is obligated to request a medical examination is often a difficult question. *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997). However, the Tenth Circuit has held that "the starting place must be the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability question requiring further investigation...Isolated and unsupported comments from the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment." *Id.* In the present case, there is no objective evidence in the record of any deterioration of intellectual functioning.  The statement by Dr. Hamilton does not constitute objective evidence. *Compare Fraction v. Bowen*, 787 F.2d 451, 454 (8th Cir. 1986) (duty to order consultative evaluation arose when examining physician had a thesis that plaintiff was disabled and recommended that testing be performed to either prove or disprove his thesis.) Accordingly, I propose finding that Gutierrez' first claim of error is not well-taken.

Gutierrez' second claim of error is that the testimony of the Vocational Expert that a substantial amount of jobs exist in the national economy that people with Gutierrez' impairments could perform is not substantial evidence for the ALJ to find that Gutierrez is not disabled at step five. Gutierrez contends that the ALJ did not include all of his impairments when the ALJ posed a hypothetical question whether jobs exist for a person with his impairments.  The Commissioner responded that the only impairments the ALJ did not include were the ones which were not

supported by medical evidence.  As it is not error for the ALJ to exclude such claims from the hypothetical, *See Decker v. Chater,* 86 F.3d 953, 955 (10th Cir. 1996), I propose finding that Gutierrez's second claim is not well-taken.

## Recommended Disposition

Because I propose finding that neither of Gutierrez's claims of error are well-taken, I recommend denying  the Plaintiff's Motion to Reverse and Remand for a Rehearing.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may file written objections to them.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE